18-3845
In re Facebook, Inc., IPO Sec. & Derivative Litig.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––

*In re: Facebook, Inc., IPO Class Action Settlement\**

––––––––––––––––––––––––––––––––––––––––

FOR PLAINTIFFS-APPELLEES:
JOHN JAMES RIZIO-HAMILTON (Salvatore J. Graziano, *on the brief*), Bernstein Litowitz Berger & Grossmann LLP, New York, NY; Thomas A. Dubbs, James W. Johnson, Thomas G. Hoffman, Jr., Labaton Sucharow LLP, New York, NY; Frank R. Schirripa, Hach Rose Schirripa & Cheverie LLP, New York, NY; Nicholas Diamand, Lieff,

---

\* For the purposes of this summary order, the above caption has been shortened. The full caption is attached as Addendum A.

Cabraser, Heimann & Bernstein, LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:** CHARLES S. DUGGAN (James P. Rouhandeh, Andrew Ditchfield, *on the brief*), Davis Polk & Wardwell LLP, New York, NY; Andrew B. Clubok, Susan E. Engel, Samir Deger-Sen, Latham & Watkins LLP, Washington, DC.

**FOR OBJECTOR-APPELLANT:** James J. Hayes, pro se, Annandale, VA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Objector-Appellant James J. Hayes, proceeding pro se, appeals the district court's decision approving the settlement of a multi-district securities class action. Several institutional and individual plaintiffs, on behalf of similarly situated investors, sued Facebook, Inc., several of its directors and officers, and the underwriters of Facebook's 2012 initial public offering ("IPO"), claiming that they misled investors about Facebook's revenue prior to the IPO in violation of the Securities Act of 1933 (the "Securities Act"). The district court appointed certain institutional investors as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1(a)(3)(B). The district court later certified two subclasses: an institutional investor

2

subclass and an individual retail investor subclass, and appointed certain individual plaintiffs as Class Representatives of the retail investor subclass. After years of litigation, the parties settled the action for $35 million. In August and September 2018, Hayes filed pro se objections to the settlement, primarily arguing that the Lead Plaintiffs erred in failing to raise fraud claims under the Securities Exchange Act of 1934 (the "Exchange Act") against one of the underwriter defendants, Morgan Stanley & Co. LLC. Hayes had previously contacted the Lead Plaintiffs and Class Counsel, in 2015, protesting their failure to raise Exchange Act claims in the action; counsel responded that they had declined to bring such claims for strategic reasons. The district court rejected Hayes's objections and approved the settlement in November 2018. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A class action settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). We review a district court's "determination that a settlement in a class action lawsuit is fair, reasonable, and adequate" for abuse of discretion. *McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2009) (internal quotation marks omitted). In determining the procedural fairness of a settlement, a court considers whether "the settlement resulted from arm's-length negotiations," and whether class counsel "possessed the experience and ability, and ha[d] engaged in the discovery, necessary to effective representation of the class's interests." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (internal quotation marks omitted). A district court must also consider a host of other factors to assess the settlement's substantive fairness. *See McReynolds*, 588 F.3d at 804.

3

Here, the district court considered all the relevant factors in its thorough November 26, 2018 opinion approving the settlement. On appeal, Hayes does not challenge the court's holding that the settlement was procedurally and substantively fair. Instead, he primarily reiterates his argument that the Lead Plaintiffs and Class Counsel should have raised fraud claims against Morgan Stanley pursuant to the Exchange Act. But, as the district court correctly held, Lead Plaintiffs and Class Counsel acted well within their discretion in choosing not to raise such claims. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1080 (2d Cir. 1995) (holding that the district court did not abuse its discretion in rejecting objector's "mere proffer of the prospect of a claim" that the lead plaintiffs had not raised); *cf. Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004) (noting that lead plaintiffs in securities class actions "exercise control over the litigation as a whole"). Further, Hayes knew since at least October 2015 that Lead Plaintiffs were not raising Exchange Act claims, and he could have brought an individual action raising such a claim if he so wished.

Hayes also argues that there was a conflict of interest between the Lead Plaintiffs and the retail investor subclass because only the retail investor subclass could raise his proposed Exchange Act claims. As an initial matter, Hayes failed to timely raise this argument in district court, raising it for the first time in a letter filed after the settlement hearing and over a month after objections were due. Further, the Class Representatives included class members from *both* the institutional investor subclass and the individual retail subclass. In any event, our Court has previously held that the presence of potential claims under both Exchange Act and Securities Act claims in the same action does not create a "fundamental conflict." *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009); *see also Hevesi*, 366 F.3d at 82, 82 n.13 (holding that district

4

courts are not required to choose lead plaintiffs that have standing to sue "on every available cause of action" because requiring "a different lead plaintiff [to] be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole").

Finally, Hayes argues, for the first time on appeal, that the Lead Plaintiffs lacked standing to raise their Securities Act claims. But the argument is meritless because the Lead Plaintiffs sufficiently alleged that they had purchased Facebook stock, the defendants' misleading statements resulted in a decline of that stock's value, and that injury was redressable through damages under the Securities Act. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158, 164–65 (2d Cir. 2012) (finding that such a showing satisfied standing requirements).

We have considered all of Hayes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5

## A: Full Case Caption

**John Gregory, on behalf of himself and all other similarly situated,**

*Plaintiff*,

**Institutional Investor Group, Banyan Capital Master Fund Ltd., Arkansas Teacher Retirement System, Fresno County Employees' Retirement Association, Avatar Securities, LLC, Meredith Bailey, on behalf of themselves and all others similarly situated, Dmitri Bougakov, on behalf of themselves and all others similarly situated, Ryan Cefalu, on behalf of themselves and all others similarly situated, Lorrain Chin, on behalf of themselves and all others similarly situated, First New York Securities L.L.C., Atish Gandhi, on behalf of themselves and all others similarly situated, Phillip Goldberg, on behalf of themselves and all others similarly situated, Eric Hamrick, on behalf of themselves and all others similarly situated, Steve Jarvis, Joe Johnson, on behalf of themselves and all others similarly situated, Nuhket Kayahan, David Kenton, on behalf of themselves and all others similarly situated, Dennis Kuhn, on behalf of themselves and all others similarly situated, Benjamin Levine, on behalf of themselves and all others similarly situated, Katerhine Loiacono, on behalf of themselves and all others similarly situated, Crystal McMahon, on behalf of themselves and all others similarly situated, George Michalitsianos, on behalf of themselves and all others similarly situated, Randy Teresa Mielke, on behalf of themselves and all others similarly situated, Jacinto Rivera, on behalf of themselves and all others similarly situated, Faisal Sami, on behalf of themselves and all others similarly situated, Sanjeev Sharma, Colin Suzman, on behalf of themselves and all others similarly situated, T3 Trading Group, LLC, Vijay Akkaraju, Alexis Alexander, as custodian for Chloe Sophie Alexander, Brian Roffe Profit Sharing Plan, Individually and on behalf of all others similarly situated, Jose Galvan, Mary**

**Galvan, Robert Herpst, Individually, on behalf of all others similarly situated, Sanjay Israni, on behalf of themselves and all others similarly situated, KBC Asset Management NV, and the Employees' Retirement System of the Government of the Virgin Islands (Collectively, the Institutional Investors), Douglas M. Lightman, Individually and on behalf of all others similarly situated, Dennis Palkon, Individually and on behalf of all others similarly situated, Rick Pond, Jacob Salzmann, Individually and on behalf of all others similarly situated, Michael Spatz, Maren Twining, Individually and on behalf of all others similarly situated, Goldrich Cousins P.C. 401(k) Profit Sharing Plan &Trust, Irving S. Braun, Individually on behalf of all others similarly situated, Edward Childs, Derivately on Behalf of Himself and All Others Similarly Situated, Kathy Reichenbaum, Individually and on behalf of all others similarly situated, Jun Yan, on behalf of herself and all others similarly situated, Elbita Alfonso, Steve Griffis, Vicky Jones, Phyllis Peterson, Jerry Rayborn, on behalf of themselves and all others similarly situated, Edward Vernoff, Justin F. Lazard, on behalf of himself and all others similarly situated, Sylvia Gregorcyzk, on behalf of herself and all others similarly situated, Peter Brinckerhoff, Lidia Levy, on behalf of herself and all others similarly situated, Garrett Garrison, David Goldberg, individually and on behalf of all others similarly situated, Kevin Hyms, individually and on behalf of all others similarly situated, Richard P. Eannarino, Individually and on behalf of all others similarly situated, Peter Mamula, Individually and on behalf of all others similarly situated, Khodayar Amin, on behalf of himself and all others similarly situated, Elliot Leitner, individually and on behalf of all others similarly situated, Barbara Steinman, on behalf of herself and all others similarly situated, Howard Savitt, on behalf of himself and all others similarly**

2

situated, Chad Roderick, Eugene Stricker, individually and on behalf of all others similarly situated, Steve Sexton, Individually and on behalf of all others similarly situated, Keith Wise, Individually and on behalf of all others similarly situated, Jonathan R. Simon, James Chang, individually and on behalf of all others similarly situated, Sameer Ansari, individually and on behalf of all others similarly situated, Darryl Lazar, individually and on behalf of all others similarly situated, Michael Lieber, individually and on behalf of other members of the general public similarly situated, Thoma J. Ahrendtsen, Aaron M. Levine, Individually, and on behalf of all others similarly situated, Karen Cuker, individually and on behalf of all others similarly situated, Brian Gralnick, individually and on behalf of all others similarly situated, Jennifer Stokes, individually and on behalf of all others similarly situated, William Cole, Derivatively on Behalf of Facebook, Inc., Vernon R. DeMois, Jr., Individually and On Behalf of All Others Similarly Situated, Hal Hubuschman, Edward Shierry, Individually and On Behalf of All Others Similary Situated, North Carolina Department of State Treasurer, Thomas E. Nelson, individually and behalf of all others similarly situated, Janis Fleming, Gaye Jones, Holly McConnaughey, Robert Lowinger, Mark Eshehata, Stewart D. Pollack, as executor of the state of Lawrence Corneck, Rock Southward, Derivatively on Behalf of Himself & All Others Similarly Situated, Sharon Morley, Eric Rand, Paul Melton, Lynn Melton,

*Plaintiffs-Appellees*,

v.                                                                                           18-3845

The Nasdaq Stock Market, LLC, a Foreign Limited Liability Company, Marc L. Andreessen, Barclays Capital Inc., Erskine B. Bowles, James W. Breyer, David A. Ebersman,

3

Facebook, Inc., a Delaware corporation, Goldman Sachs & Co., Donald E. Graham, Reed Hastings, J.P.Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, David M. Spillane, Peter A. Thiel, Mark Zuckerberg, Allen & Company LLC, BMO Capital Markets Corp., Blaylock Robert Van LLC, C.L. King & Associates, Inc., Cabrera Capital Markets, LLC, CastleOak Securities, L.P., Citigroup Global Markets Inc., Cowen & Company LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., E*TRADE Securities LLC, Itau BBA USA Securities, Inc., Lazard Capital Markets LLC, Lebenthal & Co., LLC, Loop Capital Markets LLC, M.R. Beal & Company, Macquarie Capital (USA) Inc., Morgan Stanley & Co. LLC, Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Pacific Crest Securities LLC, Piper Jaffray & Co., RBC Capital Markets LLC, Raymond James & Associates, Inc., Samuel A. Ramirez & Co. Inc., Sheryl K. Sandberg, Stifel, Nicolaus & Company, Incorporated, The Williams Capital Group, L.P., Wells Fargo Securities, LLC, William Blair & Company, L.L.C., Goldman Sachs & Co., Nasdaqomx Group, Inc., Jill D. Simon, Citigroup Global Markets Inc., Kevin Hicks, individually and on behalf of all others similarly situated, Linh Luu, individually and on behalf of all others similarly situated, Harvey Lapin, Individually and On Behalf of All Others Similarly Situated, Nick E. Tran, Nasdaq Stock Market, Incorporated, Uma M. Swaminathan, Cipora Herman,

*Defendants-Appellees*,

NASDAQ OMX Group, Inc., Lawrence Corneck, Individually and on behalf of all others similarly situated, Robert Greifeld, Anna M. Ewing,

*Defendants*,

**James J. Hayes,**

*Objector-Appellant.*